Jiang v. Lynch

BIA
Videla, IJ
A097 542 997

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

_____

YAO JIANG,
> *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

14-4695
NAC

_____

**FOR PETITIONER:**           Zhen Liang Li, Law Office of Zhen Liang Li, New York, New York.

**FOR RESPONDENT:**           Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division; John S. Hogan, Assistant Director, Office of Immigration Litigation; Samuel P. Go, Senior

Litigation Counsel, Office of
Immigration Litigation, United
States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yao Jiang, a native and citizen of China, seeks review of a November 24, 2014 decision of the BIA affirming an October 10, 2012 decision of an Immigration Judge ("IJ") denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yao Jiang,* No. A097 542 997 (B.I.A. Nov. 24, 2014), *aff'g* No. A097 542 997 (Immig. Ct. N.Y. City Oct. 12, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, where the BIA has adopted and supplemented the IJ's decision, we should review the IJ's and BIA's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B);

2

*see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (adverse credibility determination reviewed for substantial evidence).

For asylum applications like Jiang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on "demeanor, candor, or responsiveness of the applicant or witness," and inconsistencies and omissions in an asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64. In finding testimony implausible, if "the reasons for [the IJ's] incredulity are evident," the implausibility finding is supported by substantial evidence. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-68 (2d Cir. 2007).

The agency reasonably determined that Jiang testified inconsistently about the arrest of the two Falun Gong practitioners who distributed flyers with her. Initially, she testified that she did not know how long these practitioners were detained; she later testified that they continued to be detained more than three years after the incident. A

reasonable factfinder would not be compelled to credit Jiang's explanation for this discrepancy—that she was unsure of the length of their detention. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The IJ was entitled to consider implausibilities in Jiang's testimony. The IJ found incredible Jiang's testimony that she knew to escape when the police arrived because Falun Gong practitioners yelled her name from over 100 meters away. The IJ questioned whether Jiang could hear over such a distance and why the practitioners came up with a plan to warn one another if the police arrived by calling out one another's names (rather than yell "police" or some other non-identifying cue), since doing so would alert the police to the names of those trying to escape arrest. When confronted with these implausibilities, Jiang insisted she was able to hear the practitioners yell and stated that it did not occur to the Falun Gong practitioners that the police would know Jiang's name if they called it out because "[a]t that time [they] didn't think of so many things." Cert. Admin. Record 137. As she did not actually explain the implausibilities, the agency was not compelled to credit Jiang's testimony. *See Majidi*, 430 F.3d at 80-81.

4

Jiang also challenges the IJ's demeanor finding. In considering the considerable shift in Jiang's testimony about the length of the detention of the two Falun Gong practitioners, the IJ found that Jiang "may not be testifying from actual experience, [and] that she has just simply memorized some information that may have no connection to reality." Cert. Admin. Record 66. This Court generally affords particular deference to an IJ's assessment of an applicant's demeanor, *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005), particularly when the IJ's demeanor finding is bolstered by specific inconsistencies in the record, *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

Because the agency's adverse credibility determination is supported by substantial evidence, and all of Jiang's claims (asylum, withholding of removal, and CAT relief) rely on the same factual predicate, the adverse credibility determination is dispositive and it is unnecessary to consider the agency's alternate determination that Jiang did not meet her burden for relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk